**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 31 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIANA Q. SUERO,<br><br>   Plaintiff - Appellant,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>   Defendant - Appellee. | No. 08-56679<br><br>D.C. No. 2:06-cv-07596-PA-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 2, 2010[**]
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

Adriana Suero appeals from the district court's judgment, which affirmed

the ALJ's finding that Suero was disabled as of November 28, 1999.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The ALJ found that Suero's impairments did not meet or equal any of the impairments listed in Appendix 1 to Subpart P of Regulations No. 4. Suero argues that her impairments meet Listings 1.02 and 1.04. Suero failed to meet her burden of showing that she meets each characteristic of the listed impairment by establishing "symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." See Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990). Thus, there was substantial evidence in the record supporting the ALJ's conclusion that Suero's impairments did not meet or equal any listed impairments.

We reject Suero's argument that the record was not adequately developed. However, there is no evidence of an ambiguity or gap in the file that would trigger the ALJ's duty to further develop the evidence. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). To the extent that the ALJ might have had such a duty in this case, the ALJ discharged it by leaving the record open after the August 2003 hearing to allow Suero to submit additional evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

The ALJ considered Suero's subjective complaints, and found that objective evidence established that Suero had underlying medically determinable

impairments that could produce her symptoms. In his first opinion, the ALJ indicated that he found Suero to be credible, but in his second opinion, the ALJ rejected Suero's testimony as only "partially credible." There is substantial evidence in the record to support the ALJ's conclusion that Suero was only partially credible, and the ALJ pointed to several clear and convincing reasons for his change of opinion: the discrepancy between the medical evidence (describing her fibromyalgia as mild, and noting improvement in her condition) and her claims of extreme limitations (not being able to hold a coffee cup); her unwillingness to undergo surgery and lack of aggressive treatment of these allegedly extreme symptoms, and the apparent untruthfulness of Suero's statement that she was only treated by one physician until December 2001 (when she later submitted evidence that she was treated by a Chilean physician beginning in 1999). We defer to the ALJ's evaluation of the evidence and determination of credibility.

There was substantial evidence in the record to support the ALJ's determination that Suero was not disabled prior to November 28, 1999. Suero did not present any medical evidence or opinion supporting her testimony that she suffered extreme limitations during the claimed period from March 1996 to November 1999. The ALJ properly concluded based on the grids and the vocational expert's testimony that, given Suero's residual capacity as supported by

3

substantial evidence in the record, Suero could have performed other jobs in the national economy and was not disabled during that period. See Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005).

AFFIRMED.